IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **JONATHAN L. HOUSE,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Civil Action No. 5:09-0132 |
| ) | |
| **FEDERAL BUREAU OF PRISONS,** *et al.*, ) | |
| ) | |
| **Respondents.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On February 13, 2009, Petitioner, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody.[1] (Document No. 1.) Petitioner argues that the Bureau of Prisons [BOP] is improperly denying him a sentence reduction pursuant to 18 U.S.C. § 3621. (Id., pp. 6 - 13.) Petitioner explains that the BOP is improperly denying him early release under RDAP based upon his convictions for "Possession of a Firearm While Being a Person Convicted of Misdemeanor Crime of Violence" and "Possession of a Firearm in Furtherance of a Drug Trafficking Crime."[2] (Id., p. 3.) First, Petitioner contends that "the BOP fails to state the

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] On August 13, 2004, Petitioner pled guilty in the United States District Court for the Western District of Kentucky to one count of manufacturing a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count 1); one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2); and one count of possession of a firearm while being a person convicted of a misdemeanor crime of violence, in violation of 18 U.S.C. § 922(g)(9) (Count 3). On November 29, 2004, the District Court sentenced Petitioner to a 60-month term of imprisonment as to Counts 1 and 3, to run concurrently, and a 60-month term of imprisonment as to Count 2, to run consecutively. The District Court further imposed a five year term of supervised release. Petitioner did not appeal his conviction or sentence. On October 31, 2005, the United States filed a Motion to Reduce Sentence. By Order entered on November 7, 2005,

rationale for its categorical exclusion rule, which renders the regulation arbitrary and capricious in violation of Section 706(2)(A) of the APA." (Id., pp. 6 - 7.) Citing Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008), Petitioner contends that the categorical exclusion regulation promulgated by the BOP is invalid under the Administrative Procedures Act.[3] (Id.) Second, Petitioner argues that "the BOP's failure to find Petitioner eligible for early release based on Arrington violates the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment of the United States Constitution."[4] (Id., p. 8.) Petitioner complains that the BOP finds inmates eligible for early release pursuant to Arrington if the inmate is currently housed in an institution located in the Ninth Circuit, or the inmate completed a RDAP at an institution located in the Ninth Circuit. (Id.) Finally,

---

the District Court granted the Motion and reduced Petitioner's total term of imprisonment to 90 months. *United States v. House*, Case No. 4:04-cr-00013 (W.D.Ky. Nov. 29, 2004). The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on January 4, 2011.

[3] To the extent Petitioner relies upon *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), the undersigned notes that it is inapposite and District Courts within this Circuit have found that "the decision in *Arrington* is misguided due to binding precedent from the Supreme Court and the Fourth Circuit." *Minotti v. Whitehead*, 584 F.Supp.2d 750 (D.Md. 2008); *also see Brooks v. Berkebile*, 2010 WL 3521581 (S.D.W.Va. Aug. 16, 2010); *Holland v. Federal Bureau of Prisons*, 2009 WL 2872835 (D.S.C. Sept. 2, 2009)(slip copy)(finding that petitioner's petition should be dismissed because (1) his claim "based on *Arrington's* conclusion that § 550.58 violated the APA fails because the regulation satisfies the Fourth Circuit's requirement that the agency's rationale be 'reasonably discernable,'" and (2) "the newly adopted § 550.55 contains a detailed explanation and may be applied retroactively"); *Johnson v. Ziegler*, 2009 WL 1097530(N.D.W.Va. April 22, 2009)(slip copy)(finding that *Arrington* was unpersuasive and declined to follow its holding); and *Hicks v. Federal Bureau of Prisons*, 603 F.Supp. 2d 835 (D.S.C. 2009)("Applying the standard articulated by the Fourth Circuit [that an agency's rationale for its decision be reasonably discernable], the Court concludes that the BOP's rule provides a sufficient rationale for excluding persons convicted under § 924(c) from early release consideration."), *aff'd*, 358 Fed.Appx. 393 (4th Cir. 2009), *cert. denied*, ___ U.S. ___, 130 S.Ct. 3442, 177 L.Ed.2d 347 (2010).

[4] Petitioner's claim that the BOP violated his right to Equal Protection because inmates who are incarcerated, or have completed the RDAP program, in the Ninth Circuit are treated differently due to the BOP's recognition of the *Arrington* decision, is without merit. *See Griffin v. Berkebile*, 2011 WL 4344024, * 6 - 7 (S.D.W.Va. 2011).

2

Petitioner contends that "the BOP's refusal of not providing Petitioner an incentive under the Second Chance Act for his successful completion of the RDAP is contrary to congressional intent." (Id., pp. 9 - 12.) Accordingly, Petitioner requests that the Court grant his *habeas* Petition and "find Petitioner eligible for early release." (Id., p. 13.)

As Exhibits, Petitioner attaches the following: (1) A copy of his "Federal Correctional Institution Manchester, Kentucky, Request for Administrative Remedy, Attempt at Informal Resolution" dated June 8, 2008 (Id., p. 15.); (2) A copy of Petitioner's Request for Administrative Remedy dated June 8, 2008 (Id., pp. 16 - 17.); (3) A copy of the BOP's "Residential Drug Abuse Program Notice to Inmate" dated May 18, 2008 (Id., p. 18.); (4) A copy of Warden Karen F. Hogsten's Response dated June 30, 2008, denying Petitioner's Request for Administrative Remedy (Id., p. 19.); (5) A copy of Petitioner's Regional Administrative Remedy Appeal dated July 29, 2008 (Id., pp. 20 - 21.); (6) A copy of Regional Director K.M. White's Response dated October 17, 2008, denying Petitioner's appeal (Id., p. 22.); (7) A copy of Petitioner's Central Office Administrative Remedy Appeal dated October 26, 2008 (Id., p. 23.); (8) A copy of Administrative Harrell Watts' Response dated January 22, 2009, denying Petitioner's appeal (Id., p. 24.); and (9) A copy of the Second Chance Act (Id., pp. 25 - 34.).

**ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that

the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed.[5] See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145

---

[5] The undersigned further notes that Petitioner does not possess a constitutionally protected expectation interest in receiving a sentence reduction. Such a subjective expectation does not arise to the level of a constitutional claim. *See Mallette v. Arlington County Employees' Supplemental Ret. Sys. II*, 91 F.3d 630, 635 (4th Cir. 1996)("[A] mere expectation of a benefit – even if that expectation is supported by consistent government practice – is not sufficient to create an interest protected by procedural due process. Instead, the statute at issue must create an entitlement to the benefit before procedural due process rights are triggered."). Neither Section 3621(e), the BOP's Program Statement (P.S. 5162.04), nor the Code of Federal Regulations (28 C.F.R. § 550.58), contain explicit mandatory language or standards limiting the BOP's discretion, which may have given rise to a protected liberty interest in early release. *See Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 109 S.Ct. 1904, 1909-10, 104 L.Ed.2d 506 (1989)(Regulations must contain "explicitly mandatory language" to create a liberty interest.). Accordingly, Petitioner does not possess a statutorily protected expectation interest in early release.

Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce,

727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

    The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

    ENTER: January 31, 2012.

R. Clarke VanDervort
United States Magistrate Judge